**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Paul Eugene LEONARD,**
**Defendant–Appellant.**

**No. 79–1306.**

United States Court of Appeals,
Tenth Circuit.

Submitted June 23, 1980.
Decided Sept. 19, 1980.

Julian K. Fite, U. S. Atty. and James E. Edmondson, Asst. U. S. Atty., Muskogee, Okl., for plaintiff–appellee.

Robert D. McDonald, Fort Gibson, Okl., for defendant–appellant.

Before SETH, Chief Judge, and PICK-ETT and SEYMOUR, Circuit Judges.

PICKETT, Circuit Judge.

After examining the briefs and the appellate record, this three–judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

Leonard appeals from a conviction for the possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 1202(a)(1) (Appendix). Two issues are presented:

(1) Is a firearm seized by officers following an interrogation after an arrest, and prior to the prisoner being advised of his constitutional rights, admissible in evidence?

(2) Should a conviction for violation of Section 1202(a)(1) be set aside when the state court felony conviction relied upon was later reversed?

The essential facts are not in dispute. During the evening of May 2, 1978, Leonard was involved in a collision of two motor vehicles on an Oklahoma highway. A state highway patrolman appeared on the scene to investigate the collision. He approached the vehicle in which Leonard was seated, opened the door, and asked him to step out. As Leonard emerged from the vehicle a .38 caliber cartridge was seen to fall from his lap. Four similar cartridges were found in his possession. He was immediately placed under arrest for driving a motor vehicle while under the influence of intoxicating liquor. After placing Leonard in the patrol car, the officer, in keeping with the standard policy of the Oklahoma Highway Patrol, impounded the vehicle and made an inventory of its contents. Leonard's .38 caliber pistol was found in the glove compartment of his vehicle during the inventory search.

There is considerable confusion in the record regarding what was said at the scene of the accident with reference to a gun. At the hearing on a motion to suppress, the patrolman testified that he asked Leonard if he had a gun and that Leonard's reply was no. At the same hearing, Leonard stated that the patrolman asked only about the location of his bottle and that in response to this inquiry he replied that he did not have a bottle, "but I had a gun in the glove pocket." On cross–examination at the trial the testimony of the patrolman was different from that given at the hearing on the motion to suppress. He stated that before he had given Leonard the required constitutional warnings he asked him where his gun was located, to which Leonard replied that it was in the glove compartment of his pickup. Leonard's testimony as to this conversation was substantially the same as at the hearing on the motion to suppress, except that no reference was made to his possession of the gun. The trial court sustained an objection to the patrolman's testimony concerning the inquiry about the gun, but held that the gun was found, not as a result of this statement by Leonard, but from the inventory search made by the patrolman; further, that its discovery was inevitable, regardless of Leonard's statement. We accept the trial court's conclusion that the original inquiry as to the location of the gun and Leonard's reply was evidence obtained in violation of the Constitution and should be excluded. *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *Weeks v. United States*, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914). These cases establish the

exclusionary rule but do not hold that the evidence shall be completely barred and may not be admitted under any circumstances. The exclusionary rule extends to all evidence illegally seized and to all that is the product of such invasion. *Wong Sun v. United States, supra; Silverthorne Lumber Co. v. United States*, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319 (1920). But, as expressed in the *Silverthorne* case, this does not mean that such facts are inaccessible and cannot be proved if knowledge of them is gained from an independent source. In the *Wong Sun* case, 371 U.S. at 485, 83 S.Ct. at 416, the Court quoted from *Silverthorne*, as follows:

> The essence of a provision forbidding the acquisition of evidence in a certain way is that not merely evidence so acquired shall not be used before the Court but that it shall not be used at all. Of course this does not mean that the facts thus obtained become sacred and inaccessible. If knowledge of them is gained from an independent source they may be proved like any others, but the knowledge gained by the Government's own wrong cannot be used by it in the way proposed.

The Court continued in *Wong Sun*, at 487, 488, 83 S.Ct. at 417, with this language:

> . . . We need not hold that all evidence is "fruit of the poisonous tree" simply because it would not have come to light but for the illegal actions of the police. Rather, the more apt question in such a case is "whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint." Maguire, Evidence of Guilt, 221 (1959). . . .

These rules were recognized by this court in *United States v. Sor–Lokken*, 557 F.2d 755, cert. denied, 434 U.S. 894, 98 S.Ct. 274,

54 L.Ed.2d 181 (1977), and *United States v. Beasley*, 10 Cir., 485 F.2d 60 (1973), cert. denied, 416 U.S. 941, 94 S.Ct. 1946, 40 L.Ed.2d 292 (1974). *See also United States v. Brookins*, 614 F.2d 1037 (5th Cir. 1980); Annotation, 43 A.L.R.3d 385. In *Sor–Lokken, supra*, at 758, the court said: "The crucial test is whether the evidence in controversy was obtained through exploitation of some illegality." After a careful review of the law and the facts, the trial court in the instant case concluded "that there is here clearly an independent source, namely the inventory procedure, by which this weapon was and would have been discovered notwithstanding the improper questioning."[1] We agree that the record supports this conclusion.

■ The parties apparently agree that the Arkansas conviction upon which the violation of Section 1202(a)(1) was predicated was reversed by the Supreme Court of Arkansas subsequent to the conviction in the instant case. It is argued that this reversal requires a vacation of Leonard's conviction and sentence. We think the answer is to be found in the recent United States Supreme Court decision, *Lewis v. United States*, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980). In clear language the Court holds that a person who has been convicted of a felony is within the proscription of Section 1202(a)(1), regardless of the validity of that conviction, and the proscription continues until removed in an appropriate proceeding, or as otherwise provided by statute. In Note 5, the Court stated:

> . . . [W]e view the language Congress chose as consistent with the common–sense notion that a disability based upon one's status as a convicted felon should cease only when the conviction upon which that status depends has been vacated.

1. The Supreme Court, in *South Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976), held that incriminating evidence found by police in a good faith inventory search of an impounded motor vehicle after a lawful arrest was not an unreasonable search prohibited by the Fourth Amendment. *See also United States v. Martin*, 566 F.2d 1143 (10th Cir. 1977); *United States v. Robinson*, No. 79–1892, unpublished Tenth Circuit opinion filed February 13, 1980.

We note, nonetheless, that the disability effected by § 1202(a)(1) would apply while a felony conviction was pending on appeal. . . .

We find no prejudicial error in the trial court proceedings.

AFFIRMED.