**UNITED STATES of America, Plaintiff,**

v.

**William W. MAYFIELD, Defendant.**

**No. 86–10004–01.**

United States District Court,
D. Kansas.

Feb. 26, 1986.

Robin Fowler, Asst. U.S. Atty., Wichita, Kan., for plaintiff.

Jim Lawing, Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER

PATRICK F. KELLY, District Judge.

This matter is before the Court on defendant's motion in limine. The defendant, William W. Mayfield, has been charged with 10 counts of federal firearms violations. 18 U.S.C. § 922(a)(6), 18 U.S.C. § 922(h)(1), and 18 U.S.C. Appx. § 1202(a)(1). Nine of the counts are premised on defendant's felony conviction in 1978 in the Cowley County District Court. The defendant contends the 1978 conviction was void from its inception because he was a juvenile when he committed the crime, and therefore, the state district court was without jurisdiction to hear his plea or to sentence him. K.S.A. 38–808(b). The defendant moves for an order preventing the government from utilizing evidence of the 1978 "conviction" for purposes of the federal firearms charges. For the reasons stated below, the Court finds the Cowley County District Court was without jurisdiction to enter judgment in the 1978 case, and therefore, that judgment is void as a matter of law. As such, it cannot serve as the predicate conviction for the federal firearms charges. Accordingly, the nine counts in the indictment which are premised on the earlier conviction are dismissed.

On July 18, 1978, Mayfield pleaded guilty in the District Court of Cowley County, Kansas, to theft by deception, a Class D Felony under the Kansas Criminal Code. The court inquired if Mayfield was 18 years of age. Mayfield replied that he was, and

he was then convicted and sentenced. However, the court failed to inquire whether the defendant was 18 years of age at the time the offense occurred on February 8, 1978. Had the court so inquired, it would have learned that the defendant was only 17 years of age at the time of commission, thereby divesting the court of jurisdiction and requiring that the defendant be dealt with under the juvenile code. Both parties have stipulated to these facts.

K.S.A. 38–815(e) requires that whenever a person 18 years of age or older is taken into custody for an alleged act committed prior to the time the person reached 18, the law enforcement officer shall refer the matter for proceedings pursuant to the juvenile code. According to K.S.A. 38–806(a), proceedings concerning any "delinquent child" (defined in K.S.A. 38–802(b) as a child less than 18 years old who does an act which would be punishable as a felony under the criminal code) are to be governed by the provisions of the juvenile code. Under 38–808(b), a person between the ages of 16 and 18 *must* be prosecuted under the juvenile code *unless* a hearing is held on motion of the district attorney and the court finds the child is not a "fit and proper" person to be dealt with under the juvenile code. It is clear that unless the 38–808(b) procedure is followed, the district court has *no* jurisdiction to try the child under the criminal code.

In *State v. Chatmon*, 234 Kan. 197, 671 P.2d 531 (1983), the Kansas Supreme Court held that in any criminal action the trial court must have jurisdiction over the offense charged and that a judgment rendered with lack of jurisdiction is void. The *Chatmon* court relied on *State v. Minor*, 197 Kan. 296, 300, 416 P.2d 724 (1966), wherein it was stated, "This court has repeatedly held that a judgment which is void for want of jurisdiction may be attacked at any time and may be vacated because it is a nullity."

Based on the foregoing Kansas statutes and cases, this Court finds the Cowley County District Court lacked jurisdiction to convict Mayfield under the Kansas Criminal Code, and therefore, the 1978 conviction of theft by deception is void *ab initio*.

The issue which must now be determined is whether a judgment which was void at its inception may constitute the predicate for a subsequent federal firearms violation.

The nine counts with which the defendant is charged that depend on the earlier conviction involve: falsely certifying that he had never been convicted of a crime punishable by imprisonment for more than one year, 18 U.S.C. § 922(a)(6); receiving firearms transported in interstate commerce, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, 18 U.S.C. § 922(h)(1); and possessing a firearm affecting commerce, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, 18 U.S.C. Appx. § 1202(a)(1).

The government contends that the decisions of the Supreme Court in *Lewis v. United States*, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980), and *Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983), have clearly established that it is the *fact* of the previous conviction, and not its validity, which determines whether a person has been "previously convicted" for purposes of the gun control laws. According to the government's argument, the defendant in this case was "previously convicted" for purposes of the firearms violations regardless of whether that conviction was void at its inception for lack of jurisdiction.

The defendant, on the other hand, argues that neither the United States Supreme Court nor Congress—in promulgating the federal gun control laws—could have intended such a harsh result. The defendant maintains that the facts in both *Lewis* and *Dickerson* are distinguishable from those in the case at bar.

In *Lewis*, the defendant argued that he had not violated the gun control laws because his predicate conviction was obtained in violation of his constitutional right to counsel. (Lewis did not challenge the earlier conviction on direct appeal; he raised

the issue for the first time by way of collateral attack in the firearms proceeding.) The Supreme Court held that a *constitutionally infirm* conviction could be used by the government as the predicate for a federal firearm conviction, stating, "... § 1202(a)(1) prohibits a felon from possessing a firearm despite the fact that the predicate conviction may be subject to collateral attack on constitutional grounds." 445 U.S. at 65, 100 S.Ct. at 921. The Court reached this decision after examining the plain language of the gun control laws, and the intent of the legislature in enacting these laws as ascertained through legislative history. The court pointed out that "[n]o exception ... is made for a person whose outstanding felony conviction might turn out to be invalid *for any reason.*" 445 U.S. at 62, 100 S.Ct. at 919 (emphasis added). The Court emphasized that the government should not be put in the position of proving the validity of the predicate conviction. After pointing out that the gun control laws provide a convicted felon with possibilities for relief, including a pardon expressly permitting him to possess a firearm, the consent of the Secretary of the Treasury, or a successful challenge to the predicate conviction before obtaining a weapon, the Court concluded, "Congress clearly intended that the defendant clear his status *before* obtaining a firearm, thereby fulfilling Congress' purpose 'broadly to keep firearms away from the persons Congress classified as potentially irresponsible and dangerous.'" 445 U.S. at 64–65, 100 S.Ct. at 920–21 (quoting *Barrett v. United States,* 423 U.S. 212, 218, 96 S.Ct. 498, 502, 46 L.Ed.2d 450 (1976)).

*Lewis* applies in situations where the defendant seeks to attack a firearm conviction on the ground that the predicate conviction is constitutionally infirm (or *invalid for any other reason*). A subsequent reversal or modification of the underlying conviction will have no effect. *See, e.g., United States v. Leonard,* 630 F.2d 789 (10th Cir.1980); *United States v. Wilder,* 621 F.2d 1077 (10th Cir.1980); and *United States v. MacGregor,* 617 F.2d 348, 349 (3d Cir.1980). In the case at bar, however, it is not the *validity* of the underlying conviction which is questioned (insofar as its constitutionality, etc.), it is the very existence of that conviction. A judgment which is *void from its inception* for lack of jurisdiction is clearly distinguishable from a judgment which may be, or is, invalid due to a constitutional infirmity. In *Dickerson,* 460 U.S. 103, 111, 103 S.Ct. 986, 991, the court stated, "If [defendant] was not 'convicted' in the first place, or if he was and that conviction somehow was rendered a nullity, [he] should not be ineligible for [federal firearms] licenses."

In *Dickerson,* the Supreme Court held that expungement of a state felony conviction, following deferral and probation, does not prevent the expunged conviction from becoming a predicate offense in a federal firearms violation. The court reasoned that Congress did not intend federal firearms disabilities to be tied to state law regarding post-conviction actions. The court emphasized that the expunction did not alter the legality of the previous conviction and did not signify that the defendant was innocent of the crime to which he pleaded guilty. 460 U.S. at 115, 103 S.Ct. at 993. The court stated, "Expunction ... means no more than that the State has provided a means for the trial court not to accord a conviction certain continuing legal effects under state law." *Id.* at 115, 103 S.Ct. at 993. The court placed great emphasis on the fact that the defendant could have followed a federal procedure for lifting the firearms disability, but did not do so.

In the instant case, the state court had no jurisdiction to convict the defendant of a criminal offense, and therefore, the judgment was not legally binding. Moreover, the defendant, by virtue of his age, was innocent to the crime to which he pleaded guilty. Therefore, this case is distinguishable from *Dickerson.* However, it is somewhat troubling that the defendant (Mayfield) did not follow an appropriate procedure for lifting his federal firearms disability *before* purchasing guns (this was an important factor in *Dickerson* ). It is also

somewhat troubling that the defendant stated on the firearms forms that he had never been convicted of a felony, when—to the best of his knowledge at that time—he had.

The Second Circuit was met with a case very similar to the one before this Court, in which the defendant misrepresented his criminal history on the firearms form and failed to lift his disability prior to purchasing firearms, but later received a nunc pro tunc order which modified his predicate felony conviction to a misdemeanor. *Bonfiglio v. Hodden*, 770 F.2d 301 (2d Cir. 1985). (The reason for the modification was that at the time of the defendant's escape from prison—which resulted in his conviction—he was being treated under the Federal Juvenile Delinquency Act, and accordingly, his escape conviction should have resulted in a misdemeanor rather than a felony.) The Court of Appeals for the Second Circuit held that *despite* the nunc pro tunc order, the defendant had had a previous felony conviction *at the time* he purchased the firearms, and therefore the firearms conviction was valid. The court relied on *Lewis* and *Dickerson* in reaching this result. The court focused on the following language in *Lewis*: "The federal gun laws ... focus not on reliability, but on the mere fact of conviction, or even indictment, in order to keep firearms away from potentially dangerous persons." 445 U.S. at 67, 100 S.Ct. at 922. The court reasoned that according to this language, a nunc pro tunc order entered *after* the firearms violations should be given no effect for purposes of those violations. The court noted that to hold otherwise would "invite persons having either a legitimate or spurious reason for vacating a prior conviction to purchase firearms first, and later attempt to escape a federal firearms conviction through a post hoc modification of their criminal status." 770 F.2d at 306.

In *Bonfiglio*, unlike the case at bar, the existence of jurisdiction as to the predicate conviction was not at issue. Rather, it was the exercise of the jurisdiction that was at issue. (The defendant was convicted of a felony when he should only have been convicted of a misdemeanor.) In the instant case, the state court had absolutely no jurisdiction to convict the defendant as a criminal. Therefore, although *Bonfiglio* is similar, it is not directly on point. In fact, research has revealed *no* cases where the predicate conviction was void for lack of jurisdiction.

It is the view of this Court that a lack of jurisdiction overrides the concerns expressed in *Lewis, Dickerson* and *Bonfiglio*. Juveniles are to be afforded special protection under state law—they are not to be prosecuted as, or labeled as, "criminals". For this Court to be aware that a state court wrongfully convicted a juvenile as an adult felon, and then to ignore the illegality of that conviction for purposes of the federal firearms statute, would be an abdication of justice. This result is not required by the Supreme Court's decisions in either *Lewis* or *Dickerson*.

IT IS ACCORDINGLY ORDERED this 24th day of February, 1986, defendant's motion in limine is granted. The nine counts in his indictment which rely on the predicate conviction are hereby dismissed.