**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**William W. MAYFIELD,**
**Defendant-Appellee.**

No. 86–1486.

United States Court of Appeals,
Tenth Circuit.

Jan. 30, 1987.

Robin D. Fowler, Asst. U.S. Atty. (Benjamin L. Burgess, Jr., U.S. Atty., with him on the brief), Wichita, Kan., for plaintiff-appellant.

Jim Lawing, Wichita, Kan., for defendant-appellee.

Before BARRETT, LOGAN and BALDOCK, Circuit Judges.

BARRETT, Circuit Judge.

The United States appeals from a memorandum and order, *United States v. Mayfield*, 628 F.Supp. 1515 (D.Kan.1986), in which the district court dismissed nine of ten counts brought against the defendant, William W. Mayfield. The nine counts charged Mayfield with violating the federal firearms statutes by falsely denying a previous felony conviction in the course of acquiring a firearm and by receiving and possessing a firearm following a felony conviction. 18 U.S.C. §§ 922(a)(6), 922(h)(1), and Appx. § 1202(a)(1). An essential element of all nine counts was the fact that prior to purchasing firearms the defendant had been convicted of felony theft by deception in Cowley County, Kansas. At trial Mayfield filed an *in limine* appeal with the federal district court contending that the Kansas conviction was void form its inception. The district court agreed and, accordingly, dismissed the nine counts predicated upon that conviction.

The conviction in question occurred in July, 1978, when Mayfield pleaded guilty to the felony theft charge in state district court in Kansas. When he entered his plea, the court asked Mayfield if he was eighteen years of age. Mayfield answered affirmatively and was then convicted and sentenced. Had the court inquired further, however, it would have discovered that Mayfield was only seventeen years of age when he committed the offense.

Kansas law requires that whenever a person eighteen years of age or older is charged with committing an act before turning eighteen, the matter shall be handled pursuant to the juvenile code. Kan. Stat.Ann. § 38–815(d) (1981). The district court found that since the proper juvenile procedures were not followed in Mayfield's case, the state court lacked jurisdiction to convict him. *Mayfield*, 628 F.Supp. at 1516. Relying on *State v. Chatmon*, 234 Kan. 197, 671 P.2d 531 (1983) and *State v. Minor*, 197 Kan. 296, 416 P.2d 724 (1966), the district court concluded that since the state court lacked jurisdiction, the conviction was void *ab initio* and could not constitute the predicate offense for the subsequent federal firearms violation. *Id.*

The government does not defend the propriety of the state court conviction but argues, instead, that this appeal is controlled by two Supreme Court cases, *Lewis v. United States*, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980) and *Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983). Both cases support the proposition that even an invalid prior conviction may serve as the predicate offense for a federal firearms statute violation. In ruling for the defendant, the district court distinguished both these cases from Mayfield's situation and declined to follow them. After careful review, we must disagree with the district court and conclude that these cases cannot be distinguished and are controlling.

In *Lewis*, the Supreme Court held that even though George Calvin Lewis, Jr.'s prior felony conviction was subject to collateral attack because the petitioner had been denied his right to counsel, that conviction could still serve as a predicate for his subsequent conviction for possession of a firearm under § 1202(a)(1). *Lewis*, 445 U.S. at 65, 100 S.Ct. at 920. The Court carefully considered the language and history of the federal firearms statute and concluded that its provisions are directed "unambiguously" at any person who has been convicted of a felony. *Id.* at 60, 100 S.Ct. at 918. "No modifier is present," the Court noted, "and nothing suggests any restriction on the scope of the term 'convicted.'" *Id.* The Court held that the "plain meaning" of

the "sweeping" statutory language indicated a congressional intention "that the fact of a felony conviction imposes a firearms disability until the conviction is vacated or the felon is relieved of his disability by some affirmative action, such as a qualifying pardon or consent from the Secretary of the Treasury." *Id.* at 60–61, 100 S.Ct. at 918 (footnote omitted).

The district court considered the Supreme Court's holding in *Lewis* but concluded that it only applies to situations in which a defendant seeks to attack a firearms conviction on the ground that the predicate conviction is "invalid" for constitutional or other reasons. *Mayfield,* 628 F.Supp. at 1517. In Mayfield's case, the court explained, "it is not the *validity* of the underlying conviction which is questioned but rather it is the very existence of that conviction." *Id.* (emphasis in original). The district court found that a conviction that is *invalid* due to a constitutional infirmity is "clearly distinguishable" from a conviction that is *void* due to lack of jurisdiction. *Id.* Thus, the court reasoned, in effect, that a void conviction is no conviction at all. Similarly, counsel for Mayfield in oral argument urged that while Lewis's conviction was *voidable,* Mayfield's conviction was *void.*

Yet, the district court's distinction between a conviction that is "invalid" and one that is "void from its inception" depends *too much* on semantics. Far from being terms of art, such phrases as "invalid," "void" and "null" are so often used interchangeably in legal discourse that it is risky, without more, to attach great significance to mere word choice. Nothing in the *Lewis* decision suggests that the Court intended to recognize a distinction between "invalid" and "void" convictions.[1] On the contrary, the Court's analysis in *Lewis* regarding the sweeping language and legislative history of the act and the Court's conclusion that Congress did not intend to allow a defendant to question the validity of his prior conviction as a defense to a

firearms charge are just as compelling when applied to Mayfield's procedurally defective conviction as when applied to Lewis's constitutionally improper conviction. Likewise, the Court's analysis of the other provisions of the act, which it held reinforce the act's broad sweep, applies equally to both Mayfield's and Lewis' convictions.

For example, in *Lewis* the Court noted that "a convicted felon is not without relief" since the federal firearms statutes provide that a firearms disability may be removed by a qualifying pardon or by the consent of the Secretary of the Treasury. *Id.* 445 U.S. at 64, 100 S.Ct. at 920. Additionally, a convicted felon may bring a direct challenge in state or federal court before obtaining a firearm. The availability of these remedies, the Court concluded, demonstrated Congress's intent that the defendant clear his status before obtaining a firearm. *Id.* These measures of relief that were available to Lewis were likewise available to Mayfield. Even the district court recognized that "it is somewhat troubling that [Mayfield] did not follow an appropriate procedure for lifting his federal firearms disability *before* purchasing the guns...." *Mayfield,* 628 F.Supp. at 1517 (emphasis in original).

The Court in *Lewis* further observed that §§ 922(g)(1) and (h)(1) impose a firearms disability not only on convicted felons, but also on persons under a felony indictment, even if the person is subsequently acquitted of the felony charge. *Lewis,* 445 U.S. at 64, 100 S.Ct. at 920. The Court concluded that "[s]ince the fact of mere indictment is a disabling circumstance, *a fortiori* the much more significant fact of conviction must deprive the person of a right to a firearm." *Id.* This reasoning likewise applies just as well to Mayfield's procedurally improper conviction as to Lewis's unconstitutional conviction. Thus, there is no analytical reason to recognize a distinction between a "void" conviction and an "invalid" one.

---

1. Indeed, it is worth noting that the definition of "invalid" in *Black's Law Dictionary* 739 (5th ed. 1979) incorporates, by reference, both "void" and "voidable."

The greatest problem with the district court's reasoning, however, is its conclusion that, because the state court lacked jurisdiction, Mayfield's conviction is and always has been void. This conclusion ignores the fact that the issue of whether a court has proper jurisdiction is a legal one and, hence, no conviction is "void from its inception" for lack of jurisdiction until a court with review authority has so declared. While Mayfield's prior conviction became void when the federal district court granted his *in limine* motion, it was not void when Mayfield allegedly purchased the weapons. Mayfield was, at that time, a convicted felon. As such, he allegedly violated the law by purchasing a firearm, and the government should have been allowed to proceed with its case against him. *Accord, Bonfiglio v. Hodden*, 770 F.2d 301 (2d Cir.1985).

In *Dickerson*, as in *Lewis*, the Supreme Court considered §§ 922(g)(1) and (h)(1) of the firearms statute and concluded that it must give full effect to the provisions "attaching gun control disabilities to any person 'who has been convicted' of a qualifying offense." *Dickerson*, 460 U.S. at 122, 103 S.Ct. at 997. The Court held that even though the defendant's prior conviction had been "expunged" pursuant to state law, "the historical fact of conviction" had not been altered. *Id.* at 115, 103 S.Ct. at 993. According to the Court, "[e]xpunction in Iowa means no more than that the State has provided a means for the trial court not to accord a conviction certain continuing effects under state law." *Id.* The Court distinguished this process of expunction from the process of reversing or vacating a conviction on direct appeal. *Id.*

The district court distinguished *Dickerson* from the situation in *Mayfield* by noting that in *Mayfield* "the state court had no jurisdiction to convict the defendant of a criminal offense, and therefore, the judgment was not legally binding." *Mayfield*, 628 F.Supp. at 1517. The district court noted the Supreme Court's observation in *Dickerson*, 460 U.S. at 111, 103 S.Ct. at 991, that if a defendant "was not 'convicted' in the first place, or if he was and that

conviction was somehow rendered a nullity ...," he should not be ineligible for a federal firearms license. *Id.* Thus, the district court concluded that since Mayfield's conviction was not legally binding, it should be recognized as a nullity and not a firearms disability.

This argument is largely the same as the one the district court relied upon to distinguish *Lewis* and what we said there applies here. It bears repeating that no conviction is void (or "null") until the judicial process has declared it so. There is no question that Mayfield was "convicted in the first place" and while it is true that his conviction was finally "rendered a nullity", it was not rendered so until after he allegedly obtained firearms.

■ Moreover, the principle that a void judgment is not legally binding simply means that it may not be enforced. Yet we are not concerned here with enforcing Mayfield's felony theft conviction. We are concerned, instead, with the role of that conviction as a disqualifying condition for the purpose of obtaining firearms. While for most purposes the law ignores a void conviction, the federal firearms statutes represent a considered and deliberate exception to this inasmuch as they require that the conviction be declared void before a firearm is purchased.

■ It is not for us to question the wisdom of Congress's decision to make a felony conviction, even an invalid felony conviction, a disability for the purpose of obtaining firearms. Nor is it for us to question the propriety of this law. The Supreme Court has already indicated that it passes constitutional muster. *Lewis*, 445 U.S. at 65, 100 S.Ct. at 920. We recognize the dilemma with which the district court was faced, and we sympathize with the principled reasoning that led it to conclude: "For this Court to be aware that a state court wrongfully convicted a juvenile as an adult felon, and then to ignore the illegality of that conviction for the purposes of the federal firearms statute would be an abdication of justice." *Mayfield*, 628 F.Supp.

at 1518. Yet we must disagree with the district court's conclusion that "[t]his result is not required by the Supreme Court's decisions in either *Lewis* or *Dickerson.*" *Id.* We hold that this result is indeed required, not only by those cases, but by the federal firearms statutes themselves and by the alleged actions of the defendant.

REVERSED.