UNITED STATES of America, Plaintiff-Appellant,

v.

Michael Robert McCROSKEY, Defendant-Appellee.

No. 81–1414.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 1982.

Decided July 20, 1982.

Donald L. Harris, Asst. U. S. Atty., Boise, Idaho, for plaintiff-appellant.

D. Ray Barker, Bowles & Barker, Moscow, Idaho, for defendant-appellee.

Before CHOY, TANG, and BOOCHEVER, Circuit Judges.

PER CURIAM.

The Government appeals from the district court's order dismissing the indictment charging McCroskey with being a felon in possession of a firearm in violation of 18 U.S.C.App. § 1202(a). The district court dismissed the indictment on the ground that McCroskey had not been previously "convicted" of a felony.

In 1977, McCroskey pled guilty to a felony burglary charge in an Idaho state court. The judge ordered that imposition of judgment be withheld for a period of three (3) years and placed defendant on probation. We hold that the plea of guilty followed by the imposition of probation constituted a conviction. *U.S. v. Locke*, 409 F.Supp. 600 at 603 (D.Idaho, 1976), *aff'd.* 542 F.2d 800 (9th Cir. 1976).

McCroskey was charged with possessing a firearm on October 10, 1980. On October 16, 1980, the Idaho State Judge entered an order stating that McCroskey had satisfied the conditions of probation on May 5, 1980 and dismissing the 1977 state court action "effective nunc pro tunc to the 5th day of May, 1980." This court has held that a state court's expungement of a conviction does not affect a defendant's status as a convicted felon under 18 U.S.C.App. § 1202(a). *United States v. Bergeman*, 592 F.2d 533, 535 (9th Cir. 1979); *United States v. Herrell*, 588 F.2d 711 (9th Cir. 1978), *cert. denied*, 440 U.S. 964, 99 S.Ct. 1511, 59 L.Ed.2d 778 (1979); *United States v. Potts*, 528 F.2d 883, 887 (9th Cir. 1975) (en banc).

In a recent opinion, *Lewis v. United States*, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980), the United States Supreme Court held that a defendant was precluded from challenging a conviction for felon in possession of a firearm on the ground that the underlying conviction was invalid. The court stated:

Finally, it is important to note that a convicted felon is not without relief. As has been observed above, the Omnibus Act, in §§ 1203(2) and 925(c), states that the disability may be removed by a qualifying pardon or the Secretary's consent. Also, petitioner, before obtaining his firearm, could have challenged his prior conviction in an appropriate proceeding in the Florida state courts.

It seems fully apparent to us that the existence of these remedies, two of which are expressly contained in the Omnibus Act itself, suggests that Congress clearly intended that the defendant clear his status *before* obtaining a firearm, thereby fulfilling Congress' purpose "broadly to keep firearms away from the persons Congress classified as potentially irresponsible and dangerous." *Barrett v. United States*, 423 U.S. 212, 218 [96 S.Ct. 498, 502, 46 L.Ed. 450] (1976).

445 U.S. at 64–65, 100 S.Ct. at 920–921 (citations omitted).

We need not determine whether *Lewis* requires a modification of our prior decisions regarding expungement of convictions, because McCroskey had not "cleared his status" by obtaining an expungement of his conviction before obtaining a firearm. Although he may have fulfilled the conditions under which the district court in its discretion could expunge the conviction, he had yet to obtain the court order, just as Lewis had not yet secured a vacation of his underlying conviction.

Accordingly the dismissal of the indictment is reversed.

REVERSED and REMANDED.