787 F.2d 593
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
DAVID SANDERS LEDBETTER, Defendant-Appellant.
 85-5343
 United States Court of Appeals, Sixth Circuit.
 3/5/86
 
 AFFIRMED
 M.D.Tenn.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
 BEFORE: JONES and NELSON, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Ledbetter was convicted of having violated various federal firearm statutes that prohibit the receipt, possession or transportation of firearms by persons previously convicted of a felony and prohibit the making of false statements in connection with the acquisition of firearms. Mr. Ledbetter purchased firearms from dealers to whom he represented that he had not been convicted of any crime punishable by imprisonment for a term exceeding one year, when in fact he had been convicted by a Tennessee court after pleading guilty to charges of 'feloniously' selling marijuana and had been sentenced to hard labor in the penitentiary for a term of not less than one and not more than two years.
 
 
 2
 The amount of marijuana that Mr. Ledbetter had sold was so small that as a matter of law its sale did not constitute a felony under the Tennessee statutes. In due course Mr. Ledbetter filed a petition for post-conviction relief in the Tennessee court, and by order entered on July 17, 1985--some months after his conviction on the federal firearms charges--the Tennessee court set aside the marijuana conviction and granted Mr. Ledbetter a new trial.
 
 
 3
 In appealing his firearm convictions Mr. Ledbetter argues, in the alternative, that the Tennessee court never convicted him of a felony at all, or, if it did, the conviction was void ab initio.
 
 
 4
 Finding that Mr. Ledbetter's first contention is not in accord with the facts, while his second contention is unsupportable as a matter of law, we shall affirm the conviction.
 
 
 5
 Mr. Ledbetter is correct in his contention that under Tennessee law a person who sells less than half an ounce of marijuana should not be convicted of a felony on that account. Equity may regard as undone that which ought not to have been done, but as a matter of objective fact it cannot be said that Mr. Ledbetter was not convicted of a felony in the Tennessee court. The facts are that Mr. Ledbetter was charged with a felony in a Tennessee court, that he was found guilty of the felony charge, and, as the Tennessee court record establishes without contradiction, that he was sentenced to 'punishment and confinement in the State Penitentiary for a period of not less than one year and not more than two years at hard labor . . ..'
 
 
 6
 The proposition that the Tennessee conviction was void ab initio might not be unpersuasive but for the fact that it flies squarely in the teeth of the decision of the United States Supreme Court in a similar firearms case, Lewis v. United States, 445 U.S. 55 (1980). In Lewis the predicate conviction was constitutionally defective because the defendant had lacked counsel when he pleaded guilty. The United States Supreme Court held that even though constitutionally defective, the predicate conviction could not be collaterally attacked. The federal firearms legislation focuses on the mere fact of a previous conviction, the Court said, without regard to the soundness of the conviction. 445 U.S. at 67. It was immaterial, in the Supreme Court's view, whether the predicate conviction 'ultimately might turn out to be invalid for any reason.' 445 U.S. at 62.
 
 
 7
 It is not unreasonable for the government to expect people who fill out its questionnaires to tell the truth. Mr. Ledbetter was specifically asked, on ATF form 4473, 'Have you been convicted in any court of a crime punishable by imprisonment for a term exceeding one year?' The honest answer to that question would have been 'yes, but my conviction was improper.' The answer Mr. Ledbetter gave was 'no.' That simply is not good enough: see Cassity v. United States, 521 F.2d 1320, 1323 (6th Cir. 1975) ('Sec. 922(a)(6) compels disclosure of all convictions which have not yet been set aside, whether ultimately shown to have been valid or not.') Cf. Bonfiglio v. Hodden, 770 F.2d 301, 304-5 (2d Cir. 1985) ('we draw from Lewis that a conviction for violating Sec. 922(h)(1) is not subject to attack on the ground that a predicate conviction is subsequently reversed, vacated or modified. Rather as stated by Court, it is up to the defendant to clear his status before buying a weapon.')
 
 
 8
 Accordingly, the conviction is AFFIRMED.