COMMONWEALTH vs. GLEN SCOTT DAY.

Hampden. June 8, 1987. — July 13, 1987.

Present: GREANEY, C.J., KASS, & SMITH, JJ.

*Practice, Criminal,* Admission to sufficient facts to warrant a finding, "Two-tier" court system, Mittimus.

Where, following a defendant's conviction after his admission to sufficient facts to warrant findings of guilty on various criminal charges in the first tier of the District Court system, a mittimus committing him on sentences of imprisonment issued immediately, in violation of the provision of G. L. c. 218, § 31, which requires a delay of at least one day before a mittimus issues on sentences of more than six months' imprisonment, the sentencing judge acted correctly, in the circumstances, in allowing the defendant's motion for postconviction relief under Mass. R.Crim.P. 30, to afford him an opportunity to exercise his right to appeal all his convictions to the jury session for a new trial. [449-451]

COMPLAINTS received and sworn to in the Springfield Division of the District Court Department on April 22, 1986.

The cases were heard by *Nancy Dusek-Gomez,* J., and a motion for postconviction relief was also heard by her.

*Ariane D. Vuono,* Assistant District Attorney, for the Commonwealth.

*Steven L. Harvey* for the defendant.

GREANEY, C.J. On June 12,1986, the defendant appeared in the first tier of the District Court system and admitted to sufficient facts to warrant findings of guilty on seven charges arising out of two separate incidents involving his unlawful taking and operation of motor vehicles. See Mass.R.Crim.P. 12(a)(3), 378 Mass. 866 (1979). The defendant was found guilty of all the charges. On his convictions of larceny of a motor vehicle and leaving the scene after causing property damage (two counts), the defendant was sentenced to concurrent terms of two years' imprisonment in a house of correction,

one year to be served and the balance suspended with probation. On his convictions of operating under the influence and operating to endanger, he was sentenced to concurrent terms of six months' imprisonment in a house of correction, to be served on and after the one-year commitments described above. His convictions of failing to stop for a police officer and operating without a license were placed on file. His counsel indicated that the defendant would not claim an appeal. The mittimus issued immediately, and the defendant was committed forthwith to the Hampden County house of correction to serve his sentences.

The defendant subsequently moved, pursuant to Mass.R. Crim.P. 30, 378 Mass. 900 (1979), "for post-conviction relief." The motion relied upon G. L. c. 218, § 31, as amended by St. 1978, c. 478, § 190, which reads as follows:

> "No order shall be made for the commitment of a person to a jail or house of correction upon a sentence of more than six months, imposed by a district court, until at least one day after the imposition of such sentence. Before such order is made, he shall be notified of his right of appeal to a jury session of the district courts, and he may exercise such right, as provided by law, until such order is made. This section shall not apply to sentences the execution of which is suspended."[1]

In view of § 31, the defendant asserted that the mittimus committing him on his sentences should not have been issued until the day following his admissions (that is on June 13), and that by its early issuance he had been deprived of his right to appeal.

---

[1] Note should be taken of St. 1986, c. 537, §§ 10, 26 and 27, which amend G. L. c. 218, § 27A, to eliminate the two-tier system for criminal cases in Essex and Hampden counties for a two-year period. The amending legislation provides for a one-trial system, with the right to a jury in the first instance. As to cases in those counties arising after the effective date of the amending legislation, G. L. c. 218, § 31, will no longer apply. The charges against the defendant arose before the effective date of the amending legislation. General Laws c. 218, § 31, continues to apply in counties which are not involved in the experiment with the one-trial system.

He asked that "[I be] notif[ied] of my right to exercise my right to appeal to the jury session of the District Court."

The judge who found the defendant guilty and imposed the sentences held a hearing on the motion. Following the hearing, she entered a written memorandum containing the following rulings:

> "This being an illegally imposed sentence, in that the procedural requirements of c. 218, § 31, were not met, [d]efendant's motion is granted. He is notified of his right to appeal the findings of guilty and sentences against him and is returned to the Springfield District Court to be so notified and for a hearing on bail."

The defendant subsequently exercised his right of appeal for a de novo trial on the six convictions that had resulted in sentences of imprisonment, and the cases were transferred to the jury-of-six session.[2] The Commonwealth has appealed from the order allowing the defendant's rule 30 motion.

We sustain the judge's action. General Laws c. 218, § 31, is not ambiguous. It requires that the mittimus committing a defendant "to a jail or house of correction upon a sentence of more than six months imposed by a district court" shall not issue "until at least one day after the imposition of such sentence." A defendant subject to the statute must be notified of his right of appeal to a jury session of the District Court "before" the mittimus issues. The latter provision does not necessarily mean that the required notification has to be postponed until the mittimus is issued. It will be sufficient (and probably more practical) if the defendant is notified of his right of appeal on the day when he is sentenced, provided that he is also advised that he has up to the time the mittimus issues to exercise that right.

Section 31 also requires that a defendant "may exercise such right [of appeal], as provided by law [see G.L. c. 218, § 27A;

---

[2] At the proceedings during which the defendant claimed his right of appeal, the judge brought forward from file the defendant's convictions of failing to stop for a police officer and operating without a license and imposed a fine of $25 for each conviction. There was no appeal from those dispositions.

G. L. c. 278, § 18] until [the] order [of commitment] is made."
Thus, a defendant must be afforded at least one full day in
which to assert his right.[3] That right encompasses both the
finding of guilty in the primary court and the sentence, and
also attaches in cases in which a defendant has admitted to
sufficient facts to warrant findings of guilty. See *Common-
wealth* v. *Duquette,* 386 Mass. 834, 846 (1982). How best to
provide for exercise or waiver of the right of appeal by a
defendant who wants the time given him by § 31 — that is
either by bringing the defendant back to the primary court
before the mittimus issues to make inquiry or by providing
some other method by which he can communicate his final
intention to the court — is essentially a matter for administrative
resolution by the District Court Department.[4] As to sentences
exceeding six months, however, § 31 provides that a defendant
must know that he has up to the time the mittimus issues in
which to claim an appeal and be furnished that amount of time
if he wants it to exercise the right. See Smith, Criminal Practice
and Procedure § 1999 (2d ed. 1983) ("[I]f the defendant is
given a direct sentence of more than six months he does not
have to exercise the right of appeal until one day after the
imposition of the sentence").

The record in this case does not demonstrate that the defend-
ant was properly advised of, or afforded, his right under § 31.
Prior to admitting to sufficient facts, he was required to com-
plete a questionnaire designed to establish that his admission
was intelligent and voluntary. That questionnaire incorrectly
advised him (insofar as sentences involving § 31 were con-
cerned) that he had "to immediately appeal the judge's finding
today" or forever lose the right to appeal. See (as to dispositions
not involving § 31) Dist. Ct. Supp. R. Crim. P. 7 (1981).

---

[3] We assume that a defendant who has been properly advised of his right
under § 31 can dispense with the one-day waiting period, waive any appeal,
and agree to the immediate issuance of a mittimus.

[4] Counsel has made contact with the Administrative Office of that court
and advises us that no established procedure presently exists for dealing
with a defendant's right under § 31. It appears that many courts notify the
defendant of his right under § 31 at the time of sentencing and then bring
him back to court the next day either to claim or waive an appeal.

The assistant clerk in the session in which the admissions were made informed the defendant after the completion of the proceedings on June 12 that "[t]his matter stands continued until tomorrow for renotification of right to appeal." This appears to have been an attempt to comply with § 31, as to the direct sentences exceeding six months. The advice, however, did not adequately clarify the incorrect information provided in the questionnaire. Further, the defendant was not furnished the opportunity the next day to claim or waive finally his right of appeal.

We think that the judge, at least in the circumstances of this case, could treat the defendant's motion as a proper rule 30 motion seeking, in essence, a new trial (by claiming an appeal) and that he could act on the motion as a proper vehicle for correcting the problem.[5] She also could have reasonably concluded that the defendant had not waived, intelligently and freely, his right of appeal because he had never been furnished proper notice of his right, and that the premature issuance of the mittimus had denied him the period of time provided by § 31 to claim the right. See *Mariano* v. *District Court of Central Berkshire*, 243 Mass. 90, 92 (1922).

As to the sentences which were not within the purview of § 31, we think, in view of the confusion which had occurred, that the judge could properly allow the defendant to claim an appeal on all his convictions involving incarceration, thereby transferring those convictions to the jury-of-six session for de novo consideration. For the reasons stated, we are not persuaded by the Commonwealth's arguments that the judge could only correct the date on the mittimus, and that she was otherwise required to deny the motion.

*Order affirmed.*

---

[5] In the circumstances, we think the Commonwealth has the right to appeal from the allowance of the motion. See Mass.R.Crim.P. 30(c)(8), 278 Mass. 902 (1979). The existence of the two-tier system would make it awkward and impractical to await the outcome of the de novo proceedings, and if the defendant is acquitted by a jury, to review the case on the Commonwealth's appeal with an eye toward the possible reinstatement of the guilty findings in the primary proceedings. The fact that we treat this as an appealable order from the allowance of a rule 30 motion does not signal any intent to consider other interlocutory orders in District Court criminal cases.