**Dennis J. DOMEGAN, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. A. No. 88–1222–MA.**

United States District Court, D. Massachusetts.

Jan. 10, 1989.

---

## MEMORANDUM AND ORDER

MAZZONE, District Judge.

The petitioner has moved to vacate, set aside or correct the sentence that he received on March 12, 1987, for possessing a firearm in violation of 18 U.S.C.App. II § 1202(a). In accordance with the minimum mandatory sentence for those who have previously been convicted of three felonies for robbery or burglary and who are found in possession of a firearm, petitioner was sentenced to 15 years in prison with no possibility of parole. Subsequently, the petitioner successfully attacked two of the three state convictions upon which his sentence was based and now contends that since the predicate convictions have been invalidated, the federal sentence he is now serving must be vacated. The backdrop to this issue follows.

### I.

On September 29, 1986, the petitioner was arrested on state felony charges of assault with intent to murder and unlawful carrying of a firearm. His possession of a firearm, coupled with three earlier state court convictions for robbery or burglary led to his indictment on October 29, 1986, on federal charges under the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. App. II § 1202(a).

After jury trial, the petitioner was convicted on the federal charges and, on March 12, 1987, he was sentenced to the 15 years mandated under § 1202(a). An appeal was filed, but was stayed on March 17, 1988.

While his federal case was ongoing, the petitioner was also proceeding on the state court front. Despite having completed the sentences for his 1979 state court convictions for robbery or burglary, he moved for new trials and to withdraw the guilty pleas he had entered in those cases. His motions were allowed on December 14, 1987. The record does not reflect any basis for the ruling. The ruling was appealed, but the failure of the Suffolk County District Attorney's Office to prosecute the appeal resulted in its dismissal on August 15, 1988, under a standing order of the Appeals Court. Presently, then, the petitioner is entitled to new trials on the two 1979 charges. On March 21, 1988, the present motion was filed pursuant to 28 U.S.C. § 2255.

The government opposes the motion on the basis that the state district attorney intends to retry petitioner on the predicate offenses. The government requests that this court withhold resolution of the petitioner's motion until the new trials are completed and thereby prevent petitioner from taking advantage of a "procedural window."

### II.

■ Section 1202(a) provides in pertinent part:

"In the case of a person who receives, possesses, or transports in commerce or

affecting commerce any firearm and who has three previous convictions by any [court of the United States or of a State or any political subdivision thereof of a felony] for robbery or burglary or both, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under this subsection, and such person shall not be eligible for parole with respect to the sentence imposed under this subsection."

This section was added as part of the Armed Career Criminal Act of 1984.[1] The original portion of § 1202(a) is partly regulatory in nature and seeks "broadly to keep firearms away from the persons Congress classified as potentially irresponsible and dangerous." *Lewis v. United States*, 445 U.S. 55, 65, 100 S.Ct. 915, 920, 63 L.Ed.2d 198 (1980) (quoting *Barrett v. United States*, 423 U.S. 212, 218, 96 S.Ct. 498, 502, 46 L.Ed.2d 450 (1976)); *See Dickerson v. New Banner Institute*, 460 U.S. 103, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983); *United States v. Samson*, 533 F.2d 721 (1st Cir.1976). However, the legislative history indicates that the 1984 amendment, under which petitioner was convicted, is an enhanced sentencing provision, not intended to create any new federal crime, but merely to punish repeat offenders. H.Rep. No. 1073, 98th Cong., 2d Sess., *reprinted in* 1984 U.S.Code Cong. & Admin.News, 3182, 3661. A majority of the Court of Appeals who have considered the issue agree. *United States v. Rush*, 840 F.2d 574 (8th Cir.1988); *United States v. Hawkins*, 811 F.2d 210, 220 (3rd Cir.), *cert. denied,* — U.S. —, 108 S.Ct. 110, 98 L.Ed.2d 69 (1987); *United States v. Jackson*, 824 F.2d 21 (D.C.Cir.), *cert. denied,* — U.S. —, 108 S.Ct. 715,

98 L.Ed.2d 665 (1987); *United States v. West*, 826 F.2d 909, 911 (9th Cir.1987); *United States v. Gregg*, 803 F.2d 568, 570 (10th Cir.1986), *cert. denied,* 480 U.S. 920, 107 S.Ct. 1379, 94 L.Ed.2d 693 (1987).[2] The government also concedes that the sentencing scheme under this provision constitutes a sentence enhancement. *Response* at p. 2.

The determination that the 1984 amendment is purely a sentence enchancement provision is critical to the outcome of this case. If the regulatory rationale of the original portion of § 1202(a) was dominant in the language or legislative history of the amendment, then the validity of petitioner's conviction would have been frozen at the time it was entered; petitioner would have violated the statute if, *at the time* he possessed a firearm, he had three robbery or burglary convictions entered against him. This would be consistent with a Congressional desire to keep firearms away from those they classified as dangerous persons.

In my judgment, firearm regulation is not the primary purpose of the amendment. First, § 1202(a) already made it a crime for those who had been convicted of *one* felony to possess a firearm. This original provision, carrying a minimum mandatory sentence of two years, already serves the regulatory purpose. Second, the legislative history indicates that the Armed Career Criminal Amendments were enacted primarily to provide a way for the federal government to address the general problem of recidivism; to "increase the participation of the Federal law enforcement system in efforts to curb armed, habitual (career) criminals." H.Rep. No. 1073, 98th Cong., 2nd Sess., *reprinted in* 1984 U.S.Code Cong. & Admin.News, 3182, 3661. The House Report discusses at length the problem of habitual criminals and in particular, the harsh effects that the crimes of robbery and burglary have on the public.

---

1. A subsequent revision of the statutory scheme has now incorporated this provision into 18 U.S.C. § 924, the general penalty provision for firearms violations.

2. Of those U.S. Appeals Courts who have ruled on this issue, only the Fifth and Sixth Circuits have found the Armed Career Criminal Amendments to constitute a separate offense. *United*

States v. Davis, 801 F.2d 754 (5th Cir.1986); *United States v. Brewer*, 841 F.2d 667 (6th Cir. 1988). This issue is presently before the First Circuit in *United States v. Rumney*, C.A. No. 88–1641. Without any present guidance from the First Circuit, I decline to follow this view insofar as it suggests that there was some proactive regulatory scheme behind the amendment.

They do not tie this concern in any direct way to those who possess firearms. There is no clear nexus between burglaries and firearms; robberies, while requiring force or violence, do not necessarily implicate the use of a firearm. Congress' main concern was to "[give] law enforcment officials another option in dealing with career criminals ... achieved without permitting a radical expansion of Federal jurisdiction over common law crimes." *Id.* at 3665. The choice to prosecute those who possess firearms is not arbitrary, but I do not find that firearm regulation was the overwhelming purpose behind this provision.[3]

■ Once it is determined that petitioner was convicted and sentenced under an enhanced sentencing provision, the question arises whether the subsequent vacation of some of the underlying convictions calls for that sentence to be set aside. When the underlying convictions are constitutionally invalid, it is improper to let the enhanced sentence stand. *Baldasar v. Illinois*, 446 U.S. 222, 228, 100 S.Ct. 1585, 1588, 64 L.Ed.2d 169 (1980); *Burgett v. Texas*, 389 U.S. 109, 115, 88 S.Ct. 258, 262, 19 L.Ed.2d 319 (1967). Under those circumstances, the enhanced sentence only serves to continue the constitutional wrong. *Burgett*, 389 U.S. at 115, 88 S.Ct. at 262. The danger that the underlying conviction is unreliable is great if it was obtained in violation of the defendant's constitutional rights. *Baldasar*, 446 U.S. at 227, 100 S.Ct. at 1587–1588 (Stewart, J., concurring).

■ The record does not reflect the basis for invalidating the prior convictions. The petitioner stated at argument, and I have no basis to dispute the assertion, that his motion was granted on the basis of an inadequate colloquy by the trial judge at the guilty plea hearing. Such convictions

are unreliable; without an adequate colloquy, petitioner may not have been aware of the rights he was waiving or of the consequences of his plea. To enhance his sentence based upon these convictions, would only serve to compound whatever Constitutional wrong has already occurred. Accordingly, his sentence must be vacated.

A further note is in order. At hearing on January 6, 1988, I took this matter under advisement to further consider the government's argument that I withhold resolution pending the completion of new trials in the state court because of the double jeopardy implications. Apparently, they argue that the present sentence could stand if new trials resulted in convictions, thus bridging the procedural gap that now exists and also avoiding the double jeopardy problems that would arise if the federal government elected to re-indict the defendant based on the new convictions (or other qualifying convictions, for that matter). Pending my further reflection and research on this issue, I ordered that the state retry the petitioner, if it intended to do so, within 20 days. However, having now rejected that argument and decided that the sentence must be set aside and the petitioner released from federal custody, my authority ends there. Accordingly, I withdraw my order that the petitioner be retried in the state court within 20 days. Once federal custody is ended, the petitioner's status with regard to new trials is a matter for the Suffolk County District Attorney's office and the state courts.

### III.

The petitioner's underlying state court convictions having been invalidated, he is no longer the subject to punishment under the Armed Career Criminal Act of 1984.[4]

---

**3.** The determination that the ACCA does not create a separate offense also supports this interpretation. If the purpose were regulatory, then the defendant should have the right to present a defense that would encompass his awareness of the existence of qualifying outstanding convictions at the time he possessed a firearm. If the provision is purely for sentence enhancement, then his awareness would be immaterial and deprivation of a trial on that issue

would not violate his rights. For a discussion of the legislative history that supports the view that ACCA does not create a separate offense, see *Rush,* 840 F.2d at 576–578; *Hawkins,* 811 F.2d at 218–220, *Jackson,* 824 F.2d at 24–25; *West,* 826 F.2d at 911–912.

**4.** Since petitioner had at least one felony conviction at the time he possessed a firearm, it is possible that he would, even now, be subject to a two year mandatory sentence under the origi-

Accordingly, the motion to vacate the sentence imposed in *United States v. Dennis Domegan,* Criminal No. 86–354–MA (District of Massachusetts) is allowed and the indictment is dismissed.

SO ORDERED.

nal portion of § 1202(a). However, since that sentence would have run concurrently with his most recent state sentence, it would be complete by now.