**UNITED STATES of America,**

v.

**Robert PALEO.**

**Crim. No. 89–191–T.**

United States District Court,
D. Massachusetts.

June 19, 1990.

Carole S. Schwartz, George Vien, U.S. Attys., for U.S.

Mark Miliotis, Malden, Mass., for Paleo.

### MEMORANDUM

TAURO, District Judge.

On March 5, 1990, defendant, Robert Paleo, pleaded guilty to the charge of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The government had previously notified defendant that it would seek an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). For the following reasons, this court concludes that such an enhancement is unwarranted.

### I.

The primary basis for the government's request for an enhanced sentence is the fact that defendant was previously convict-

ed of qualifying felonies in state court on three separate occasions.[1] Specifically, defendant: 1) pleaded guilty to two complaints of breaking and entering on June 18, 1980; 2) was found guilty after trial of breaking and entering during the night time on July 1, 1980; and 3) pleaded guilty to one count of armed robbery and one count of assault and battery by means of a dangerous weapon on January 27, 1981.

■ At the outset, it appears that at least some of these convictions were constitutionally infirm. In particular, it is not clear that, with respect to the June 18, 1980 guilty plea, defendant pleaded guilty intelligently and voluntarily. According to his affidavit, defendant, who was seventeen years old at the time of the plea, did not receive a colloquy with the presiding judge and, therefore, was unaware of the elements of the crime to which he was pleading guilty. Because the government has offered no evidence that a proper colloquy was conducted, the June 18, 1980 plea cannot serve as the basis for enhancement here. *See Domegan v. United States*, 703 F.Supp. 166, 169 (D.Mass.1989) (guilty pleas after inadequate colloquy with trial judge are constitutionally inadequate and, therefore, cannot serve as the basis for enhancement under ACCA).

■ Moreover, it appears that, with respect to the July 1, 1980 conviction, defendant was unrepresented by counsel at a critical point in his prosecution. After having been found guilty, defendant was sentenced on July 14, 1980, and that sentence was conditioned upon his undergoing treatment for substance abuse. Defendant was represented by counsel at that time. Two days later, however, after spending one day at a treatment facility, defendant reported back to court voluntarily, but without counsel. On that date, defendant was resentenced to one year of imprisonment with one year of probation. Most significantly, because defendant was unrepresented by counsel, he was not told of his statutory right to appeal his conviction to a jury session of the Boston Municipal Court.[2] This right is critically important, as it essentially affords a defendant an automatic right to a new trial. *See Commonwealth v. Day*, 24 Mass.App.Ct. 447, 509 N.E.2d 1217, 1219 (1987) (right of appeal "encompasses both the finding of guilty in the primary court and the sentence, and also attaches in cases in which a defendant has admitted to sufficient facts to warrant findings of guilty."). Accordingly, because defendant was denied his Sixth Amendment right to counsel, the July 1, 1980 conviction cannot serve as the basis for an enhanced sentence here. *See Baldasar v. Illinois*, 446 U.S. 222, 225, 100 S.Ct. 1585, 1586, 64 L.Ed.2d 169 (1980) (right to counsel applies in all criminal prosecutions).[3]

■ Finally, the breaking and entering convictions at issue here do not qualify as those crimes which can serve as a basis for an enhanced sentence. Recently, the First Circuit in *United States v. Patterson*, 882 F.2d 595 (1st Cir.1989) held that, although

1. Title 18 U.S.C. § 924(e)(1) provides:
   In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g), and such person shall not be eligible for parole with respect to the sentence imposed under this subsection.

2. Mass.Gen.L. ch. 218, § 31 provides:
   No order shall be made for the commitment of a person to a jail or house of correction upon a sentence of more than six months, imposed by a district court, until at least one day after the imposition of such sentence. Before such order is made, *he shall be notified of his right of appeal to a jury session of the district courts, and he may exercise such right, as provided by law, until such order is made.* This section shall not apply to sentences the execution of which is suspended. (emphasis added).

3. Additionally, the mere fact that defendant reported voluntarily to court without counsel cannot be construed as a waiver of the right to counsel. *See Carnley v. Cochran*, 369 U.S. 506, 513, 82 S.Ct. 884, 889, 8 L.Ed.2d 70 (1962) ("where the assistance of counsel is a constitutional prerequisite, the right to be furnished counsel does not depend on a request.")

the legislative history of ACCA is unclear, convictions for breaking and entering under Massachusetts law can serve as predicate offenses for purposes of enhancement under ACCA. *Id.* at 604. In support of its conclusion that breaking and entering was a "violent felony" for purposes of ACCA, the court noted:

> "[W]hile a burglary may start out as a nonviolent crime, the burglar may resort to violence if someone is on the premises or appears there while the burglary is in progress. As the Eight Circuit has noted, 'Congress could quite reasonably conclude that no matter what the felon's intent upon breaking in, the property owner may return, a neighbor may investigate, or a law enforcement official may respond. All of these scenarios present a grave threat of harm to persons.' .... The conduct proscribed in [the] Massachusetts statutes poses the potential for a sudden eruption of violence.... That no person was in fact put in fear does not alter the basic premise of Congress that any felonious breaking and entering presents 'a serious potential risk of injury to another.'"

*Id.* (citations omitted).

Here, defendant was convicted under the very breaking and entering statutes with which the *Patterson* court was concerned.[4] But, the serious risk of injury resulting from an unlawful entering with which the *Patterson* court was concerned is not present in this case. Most significantly, the facts surrounding the charges to which defendant pleaded guilty on June 18, 1990 suggest that no unlawful entering ever occurred. And, as the *Patterson* court noted, "[t]he crucial factor is an unauthorized entry of the premises of another." *Patterson* at 604.

According to the record, one of the charged offenses involved defendant wait-ing in an automobile while another person broke into a furniture store, and the other offense involved defendant stealing a pair of speakers left unattended on a sidewalk. In neither instance did defendant unlawfully enter the premises of another, thereby creating a "serious potential risk of injury to another." These instances of breaking and entering, therefore, did not involve the type of "violent felony" with which the *Patterson* court was concerned.[5] Accordingly, they cannot serve as the basis for an enhanced sentence under ACCA.[6]

## II.

For the foregoing reasons, neither the June 18, 1980 conviction nor the July 1, 1980 conviction can serve as the basis for an enhanced sentence under ACCA. And, because only the January 27, 1981 convictions of armed robbery and assault and battery remain, the government has failed to establish that defendant has at least three prior convictions for a "violent felony or a serious drug offense," as required by 18 U.S.C. § 924(e)(1).

---

**4.** Mass.Gen.L. ch. 266, §§ 16, 18.

**5.** Similarly, the facts relating to the July 1, 1980 conviction suggest that no unlawful entering occurred. In that instance, defendant attempted to break into a restaurant, but was seen before he could break in. As in the other instances, therefore, there was, in fact, no unlawful entering of the premises and, accordingly, no serious risk of injury to another.

**6.** Indeed, the fact that defendant ultimately pleaded guilty to breaking and entering, even though he never entered the premises, only serves to underscore the constitutional problems, noted above, resulting from an inadequate colloquy before defendant's guilty plea.