**UNITED STATES of America**

v.

**Benjamin E. DAVIS.**

**Cr. No. 88–58–01.**

United States District Court, D. Vermont.

Nov. 1, 1990.

William Darrow, Asst. U.S. Atty., Rutland, Vt., for plaintiff.

Thomas Zonay, Carroll, George & Pratt, Rutland, Vt., for defendant.

## OPINION AND ORDER

BILLINGS, Chief Judge.

On January 19, 1990, petitioner Benjamin Davis was convicted in this court of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1), and was sentenced to 18 years imprisonment without parole pursuant to 18 U.S.C. § 924(e)(1). On May 29, 1990, Davis petitioned for relief under 28 U.S.C. § 2255 to have the conviction vacated, and, in the alternative, to be resentenced.

For the reasons herein stated, petitioner's motion to vacate the conviction is DENIED, and his motion for resentencing is GRANTED.

## BACKGROUND

On August 17, 1988, Davis was charged with possessing a firearm in violation of 18 U.S.C. § 922(g)(1). The indictment requested enhanced sentencing pursuant to 18 U.S.C. § 924(e)(1).

The predicate offenses upon which these charges were based are five felony convictions in Rutland Municipal Court in 1965, and one felony conviction in Rutland District Court in 1977.

After arraignment but prior to a verdict of guilty in a jury trial before this court, Davis filed motions in Rutland Superior Court to have the predicate state convictions noted above set aside. This court was apprised of the ongoing Superior Court proceedings at a January 13, 1989 sentencing hearing. Davis was sentenced to a term of imprisonment for 18 years without parole in reliance on the predicate convictions upon which no Superior Court action had yet been taken. Davis appealed the conviction, which was affirmed in a decision that did not address the sentencing issue.

On May 3, 1990, the Rutland Superior Court invalidated all six predicate convictions because, although Davis was represented by counsel, each was based on a plea of guilt that was found to have been involuntarily made, and therefore unconstitutional.

## DISCUSSION

### I. Motion to Vacate the Conviction

■ The Supreme Court, in *Lewis v. United States*, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980), dealt with a claim similar to the one Davis now puts forward: that even the subsequent set-aside of a predicate conviction must invalidate the firearm possession conviction itself. The defendant in *Lewis* contended that because the conviction upon which the firearms conviction was based was *later* invalidated, the district court was obliged to vacate the firearms conviction as if it had been void to begin with. The Court in *Lewis* held that the legislative history of the Gun Control Act indicates that Congress "intended that the defendant clear his status *before* obtaining a firearm...." *Id.* at 64, 100 S.Ct. at 920. The rationale was that in enacting § 922(g), Congress had established a regulatory possession-of-firearms disability based on the propensity of certain classes of individuals to present a danger to society. One such disabled class was composed of those individuals who had been convicted of a felony, without regard to whether such convictions were valid. Any convicted felon who wished to obtain a firearm was required to challenge the conviction, or to seek relief under 18 U.S.C. § 925(c) by obtaining the Secretary of the Treasury's consent *before* obtaining the firearm.

The Second Circuit had occasion to apply the *Lewis* rule in *Bonfiglio v. Hodden*, 770 F.2d 301 (2d Cir.1985). There, the district court had vacated a possession of firearms conviction after a predicate felony had been modified to a misdemeanor. In reversing, the Second Circuit stated:

We draw from *Lewis* the principle that a conviction for violating § 922(h)(1) [of the Gun Control Act] is not subject to attack on the ground that a predicate conviction is *subsequently* reversed, vacated or modified. Rather, as stated by the court,

it is up to the defendant to clear his status *before* buying a weapon.

770 F.2d at 305.

Davis now argues that the Firearm Owners Protection Act of 1986, which was enacted after *Bonfiglio,* and which changed the definition of "crime punishable by imprisonment for a term exceeding one year" as it applies to the Gun Control Act, has overruled *Lewis.*

The definition of "crime punishable by imprisonment for a term exceeding one year" in the pre-amendment 18 U.S.C. § 921(a)(20) included no restrictions based on any set-aside, or restoration of rights in proceedings following the conviction. The absence of such restrictions was interpreted by the Supreme Court to mean that a state court conviction of a crime punishable by imprisonment for a term exceeding one year remained a conviction for the purposes of the Gun Control Act's firearm disability even after the state had removed the conviction from the defendant's record. *Dickerson v. New Banner Institute, Inc.,* 460 U.S. 103, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983). *See Thrall v. Wolfe,* 503 F.2d 313 (7th Cir.1974) (reaching the same result).

This definition was amended by the Firearm Owners Protection Act of 1986 to read that "any conviction which has been expunged, or set aside, or for which a person has been pardoned or who had civil rights restored, shall not be considered a conviction for purposes of this Chapter...." 18 U.S.C. § 921(a)(20). The legislative history cited by the government demonstrates that the amendment was meant to overrule *Dickerson* and *Thrall,* which were expressly cited in a Senate Report discussion of the amendment, but not *Lewis,* which was not so cited. S.Rep. No. 583, 98th Cong., 2d Sess. (1984). Congress intended to ensure that a person granted a "clean slate" by a state would not continue to be subject to any federal firearms disability as a result of the conviction thereby set aside or pardoned.

■ Nothing in the language of the amendment or the legislative history indicates an intention to change the *Lewis* rule that a conviction *not* yet set aside, par-

doned or expunged, imposes a firearms disability regardless of whether such action is taken later. The amendment simply requires that federal laws recognize any state grant of a clean slate. The plain language of the amended definition uses the past tense consistently so that if a convicted person *has been* granted a clean slate, he or she may *from that time onward* lawfully possess a firearm without fear of violating § 922(g) of the Gun Control Act. Because Davis' state convictions had not yet been set aside at the time that he was found to be in possession of a firearm, his conviction for violating 18 U.S.C. § 922(g)(1) stands.

## II. Motion for Resentencing

■ The government contends that resentencing is only required to protect the right to counsel and that since that was not the violation involved in the predicate offenses in this case, resentencing is not required. In support, it cites *United States v. Gantt,* 659 F.Supp. 73, 76 (W.D.Pa.1987), which held that "convictions" for the purposes of § 924(e)(1) "includes those unconstitutionally obtained," but that enhancement based on a conviction obtained in violation of the right to counsel would violate *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). *Burgett* prohibits the use of convictions tainted by a right to counsel violation as a basis for sentence enhancement. *Id.* at 114–15, 88 S.Ct. at 261–62.

The Supreme Court, however, has recognized a right to resentencing when a defendant's due process has been violated that extends beyond right to counsel cases. In *Roberts v. United States,* 445 U.S. 552, 100 S.Ct. 1358, 63 L.Ed.2d 622 (1980), the Court noted that it had "sustained due process objections to sentences imposed on the basis of 'misinformation of constitutional magnitude.'" *Id.* at 556, 100 S.Ct. at 1362 (quoting *United States v. Tucker,* 404 U.S. 443, 447, 92 S.Ct. 589, 591–92, 30 L.Ed.2d 592 (1972)). The sentencing court had used defendant's failure to cooperate with authorities in imposing sentence. The Supreme Court upheld the sentence on the

grounds that the defendant had indeed failed to cooperate. The clear implication was that if there had been misinformation as to that failure to cooperate (which is not a right to counsel problem) the court would be required to resentence.

*Johnson v. Mississippi*, 486 U.S. 578, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988), provides support by analogy for the proposition that resentencing is required when a predicate conviction based on a violation other than the right to counsel has been used to enhance a sentence. In *Johnson*, a defendant facing the death penalty collaterally attacked the predicate convictions that served as the aggravating circumstances resulting in a death sentence. The attack was successful and the convictions were reversed on the basis of an incomplete trial record. The grounds for the collateral attack did not appear in the record on reversal. The Supreme Court held that even when the reasons for the reversal of predicate offenses are unknown, the very fact of such reversal requires resentencing. *Id.* at 586, 108 S.Ct. at 1986–87.

The Second Circuit has also focussed on due process in sentencing rather than on the right to counsel. In *Bonfiglio v. Hodden*, 770 F.2d 301 (2d Cir.1985), the court held that a defendant has the right to have his or her sentence reassessed if the judge relied on a prior *invalid* conviction or *materially false information*. The predicate conviction in that case was changed from felony to misdemeanor. The court held that resentencing was not required, not because the error was something other than right to counsel, but rather because the nature of the predicate conviction as felony or misdemeanor was not relied upon by the sentencing court and the error was therefore harmless. *Id.* at 306. *See also United States v. Needles*, 472 F.2d 652 (2d Cir.1973). (holding that material inaccuracies can be the basis of resentencing).

Finally, at least one district court has held that *any* constitutional violation makes a predicate conviction unavailable as a basis for enhanced sentencing under § 924(e)(1). *Domegan v. United States*, 703 F.Supp. 166 (D.Mass.1989). "Under those circumstances, the enhanced sentence only serves to continue the constitutional wrong." *Id.* at 169.

It is important to note that *Domegan, Bonfiglio, Tucker,* and *Johnson* all involved collateral attack of predicate convictions after sentencing. The government's argument that only right to counsel errors can have retroactive effect confuses retroactivity as precedent in another case with retroactivity of effect for resentencing in the same case, and is without merit.

In the alternative, the government argued that Davis had waived his right to challenge the predicate convictions by not raising a challenge with this court during sentencing. As is clear from the record, however, the fact that a collateral attack was pending in state court was made known to the court at sentencing and any benefit of a doubt that such state proceedings would be recognized by this court for purposes of attacking the sentence should be resolved in favor of the petitioner.

This court, therefore, holds that due process requires that as a result of the reversal of the state convictions relied upon in imposing the enhanced § 924(e)(1) sentence, petitioner Davis is entitled to resentencing.

SO ORDERED.